FILED
COURT OF APPEALS
DIVISION II

2014 AUG 19 AM 9: 38

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44911-1-II |
| Respondent, | |
| v. | |
| GENARO BRANDON VILLANUEVA, | UNPUBLISHED OPINION |
| Appellant. | |

BJORGEN, A.C.J.—A jury found Genaro Villanueva guilty of second degree burglary, second degree theft, and forgery. He appeals his sentence, arguing that the trial court erred by including in his offender score (1) two New Mexico convictions that should have washed out, and (2) a Texas conviction that was not comparable to a Washington offense. The State concedes that the trial court erred in concluding that the Texas conviction is legally comparable to the Washington offense, and we accept that concession. We hold also that the record is insufficient for us to determine whether the Texas conviction is factually comparable to the Washington offense and whether the New Mexico convictions washed out. Therefore, we remand to the trial court for resentencing. Villanueva also filed a Statement of Additional Grounds (SAG) challenging his convictions.[1] We reject Villanueva's SAG claims and affirm his convictions.[2]

---

[1] RAP 10.10.

[2] A commissioner of this court initially considered Villanueva's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

## FACTS

On April 11, 2013, a jury found Villanueva guilty of second degree burglary, second degree theft, and forgery. Villanueva's prior convictions included a 2000 Texas conviction for burglary of a habitation, a 1999 New Mexico conviction for taking a motor vehicle, a 1996 New Mexico conviction for attempted larceny, a 2004 Washington conviction for first degree burglary, and a 2004 Washington conviction for second degree theft.

At sentencing, Villanueva challenged his offender score. The trial court found the 1999 New Mexico taking a motor vehicle conviction comparable to Washington's second degree taking a motor vehicle without permission,[3] the 1996 New Mexico attempted larceny conviction comparable to Washington's attempted first degree theft,[4] and the 2000 Texas burglary conviction comparable to Washington's residential burglary.[5] Villanueva argued that because the New Mexico convictions were comparable to Washington class C felonies, they should wash out pursuant to RCW 9.94A.525(2)(c). The trial court rejected this argument, concluding that the five year period for determining when a conviction washes out does not begin until after a defendant has finished serving his community custody time and, therefore, Villanueva's convictions did not wash out because he did not finish serving community custody until 2009. The trial court included the Texas conviction and both New Mexico convictions in Villanueva's offender score and sentenced Villanueva to a standard range sentence. Villanueva appeals.

---

[3] RCW 9A.56.075.

[4] RCW 9A.56.030, RCW 9A.28.020.

[5] RCW 9A.52.025.

ANALYSIS

A. Offender Score

Villanueva challenges his offender score on two grounds. First, he alleges that the trial court improperly counted his prior New Mexico convictions because they had washed out. Second, he alleges that the trial court improperly counted the prior Texas conviction because it is not legally comparable to residential burglary. The State concedes that the trial court erred by concluding the Texas conviction is legally comparable to residential burglary.

The record is not sufficient for us to determine whether the New Mexico convictions washed out or whether the Texas conviction is factually comparable to a Washington offense. Therefore, we remand to the trial court to calculate Villanueva's accurate offender score and resentence Villanueva accordingly.

Under RCW 9.94A.525(2)(c):

> class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

This statute clearly begins the five-year period upon release from confinement. Therefore, the trial court erred in beginning this period when Villanueva was released from community custody.

The record, however, indicates that Villanueva may have been confined for a period of time in 2009, which would prevent the convictions from washing out.[6] Because the record is not

---

[6] During sentencing defense counsel stated:
> What I did, your Honor, is I called Shelton and they indicated he was released from Clallam Bay on November 27, 2006, however, there was some DOC time, but I can't – I mean violation time, but I can't give your Honor the specifics on that.

3

sufficient to determine when Villanueva's last date of release from confinement was, on remand the trial court should determine the last date of actual confinement and count Villanueva's New Mexico convictions, if appropriate. *See* RCW 9.94A.525(22) (Prior convictions that were not included in criminal history or in the offender score shall be included upon any resentencing to ensure imposition of an accurate sentence).

Villanueva also argues that the trial court erred by including his Texas conviction for burglary of a habitation under V.T.C.A., Penal Code §30.02 because the conviction is not legally comparable to residential burglary. The State concedes that the convictions are not legally comparable. We accept the State's concession.

"Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). To determine legal comparability, we determine whether the elements of the foreign offense are substantially similar to the Washington offense's elements. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007). The Texas burglary statute's definition of habitation includes a vehicle. V.T.C.A., Penal Code § 30.01(1). In contrast, the applicable Washington residential burglary statute specifically excludes vehicles. Former RCW 9A.52.025(1) (1989). Accordingly, the State correctly concedes that Villanueva's prior Texas conviction for burglary of a habitation is not legally comparable to Washington's residential burglary statute.

---

Report of Proceedings (RP) at 284. Defense counsel stated also:
> I did call the prison and my client was actually released in 2006, however, it sounds like there was some DOC time in 2009. I'm not exactly certain of that . . .

RP (May 2, 2013) at 7.

If a foreign statute is not legally comparable to a Washington offense, the court must determine whether the offenses are factually comparable—whether the conduct underlying the foreign offense would have violated the comparable Washington statute. *Thiefault*, 160 Wn.2d at 415. The State also properly points out that the record is insufficient to determine whether Villanueva's prior Texas conviction is factually comparable to Washington's residential burglary. Therefore, remand for a resentencing hearing is appropriate.

In sum, on remand for resentencing the trial court shall determine, consistently with this opinion, which of Villanueva's prior convictions are properly included in his offender score. The court shall hold any evidentiary hearing needed to make that determination.

## B. SAG

Villanueva raises two issues in his SAG. First, he states that one of the witnesses was under the influence of heroin while he testified at trial. However, Villanueva fails to identify any legal error resulting from this assertion. At best, Villanueva's claim can be read as challenging the credibility of the witness's testimony. Credibility determinations, however, are left to the jurors who personally observe the witnesses and will not be reviewed by our court. *State v. Carter*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

Second, Villanueva asserts that he received ineffective assistance of counsel because his attorney refused to listen to his requests regarding objections and questions during cross-examination. This claim rests on facts outside the record, and we do not address claims based on facts outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).

Villanueva's SAG claims lack merit and we affirm his convictions. We remand for

resentencing as directed in this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

HUNT, J.

MAXA, J.